UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Union Mutual Fire Insurance

    v.                              Civil No. 05-cv-170-JD
                                    Opinion No. 2006 DNH 150

Hamilton Beach/Proctor-Silex, Inc.

O R D E R

Union Mutual Fire Insurance brings product liability claims of negligence, strict liability, and breach of warranty, in a subrogation action against Hamilton Beach/Proctor-Silex, Inc. ("Hamilton Beach"), to recover for insurance coverage paid for fire damage at the home of Paul and Josephine Brown. Union Mutual contends that the fire was caused by a malfunctioning toaster manufactured by Hamilton Beach. Hamilton Beach moves to exclude the testimony of Union Mutual's expert witnesses and also moves for summary judgment. Although Union Mutual requested and was granted an extension of time to respond to the motions, it did not file a response to either motion.

Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party.  See id. at 255.

An unopposed motion for summary judgment can only be granted if the moving party is entitled to judgment on the merits of the motion, viewed in light of Rule 56.  See Carmona v. Toledo, 215 F.3d 124, 134 n.9  (1st Cir. 2000).  When a party fails to respond to a motion for summary judgment, however, "[a]ll properly supported material facts set forth in the moving party's factual statement shall be deemed admitted. . . ."  LR 7.2(b)(2).

## Discussion

Hamilton Beach moves for summary judgment on the ground that Josephine Brown's misuse of the toaster bars recovery under all of Union Mutual's claims.  Alternatively, Hamilton Beach contends that the opinions of Union Mutual's expert witnesses, Robert Long

2

and Michael Wald, are not admissible under Federal Rule of Evidence 702.  In the absence of expert opinion on the cause and origin of the fire, Hamilton Beach contends that Union Mutual cannot meet its burden of proof on any of its claims.

Union Mutual brings claims of negligence, strict product liability, and breach of the implied warranty of merchantability under New Hampshire law.[1]  As Hamilton Beach contends, under New Hampshire law, comparative fault is an affirmative defense to product liability claims of negligence, strict liability, and breach of an implied warranty of merchantability.  The New Hampshire comparative fault statute, RSA 507:7-a, applies to all tort actions, although it is construed differently with respect to strict liability claims.  Bohan v. Ritzo, 141 N.H. 210, 215-16 (1996).  The statute also applies to claims of breach of the implied warranty of merchantability in product liability cases. E. Mountain Platform Tennis v. Sherwin-Williams Co., Inc., 40

---

[1] Although Union Mutual alleged in its complaint that Hamilton Beach "breached its express warranties proximately causing the fire and resulting damage," it has not provided any factual support for that claim in response to the motion for summary judgment.  In the absence of a factual record to support the existence of express warranties, the court lacks a basis to consider that claim.  See Karak v. Bursaw Oil Corp., 288 F.3d 15, 22 (1st Cir. 2002) ("It is trite but true, courts, like the Deity, are most frequently moved to help those who help themselves.") (internal quotation marks omitted).

F.3d 492, 501-02 (1st Cir. 1994) (discussing and applying New Hampshire law).

Hamilton Beach provided the following factual record, which, as is noted above, is unopposed.  Paul and Josephine Brown lived with their two children on Linden Road in Conway, New Hampshire.  On January 13, 2005, a fire damaged their home, and Union Mutual subsequently paid insurance benefits to the Browns.

Before 8:00 on the morning of January 13, Mrs. Brown used the toaster in the kitchen to make waffles for her two children.  After taking the children to the bus stop, Mrs. Brown put a piece of bread in the toaster and then went on to other things and forgot the toast.  At some time before this, Mr. Brown left for work.  Mrs. Brown left the house to go shopping with the toast still depressed in the toaster.

The fire department received a report of smoke coming from the Browns' house and arrived there around noon.  They found the house engulfed in smoke with fire coming from the kitchen and living room areas.  The fire was extinguished within a few minutes.  The fire investigator interviewed Mrs. Brown and inspected the scene.  After finding a piece of charred bread inside the toaster and observing burn patterns, the investigator concluded that the fire started in the toaster.

The toaster, which Mr. Brown had purchased at Wal-Mart, had warnings that came with it, instructing users, among other things, not to operate the toaster while it was unattended because of the risk of fire. The Browns reported that they had had problems with the toaster before the fire. They said that the toaster carriage had repeatedly become stuck, causing the item inside to burn. On one occasion, Mrs. Brown saw a three to four inch flame coming out of the toaster. Mrs. Brown also noticed that the toaster had been sticking on the morning of the fire, and the children had reminded her that morning that they needed a new toaster.

The comparative fault statute, RSA 507:7-d, provides as follows:

> Contributory fault shall not bar recovery in an action by any plaintiff or plaintiff's legal representative, to recover damages in tort for death, personal injury or property damage, if such fault was not greater than the fault of the defendant, or the defendants in the aggregate if recovery is allowed against more than one defendant, but the damages awarded shall be diminished in proportion to the amount of fault attributed to the plaintiff by general verdict. The burden of proof as to the existence or amount of fault attributable to a party shall rest upon the party making such allegation.

The statute is construed slightly differently for strict liability claims where "courts should look to 'comparative causation' in evaluating damages." Bohan, 141 N.H. at 216. If a plaintiff is more than fifty percent at fault or the plaintiff

was more than fifty percent the cause of the harm, the plaintiff cannot recover.  <u>Weldy v. Town of Kingston</u>, 128 N.H. 325, 334 (1986)

Hamilton Beach contends that even if the toaster were defective and the defect caused the fire, Mrs. Brown's continued use of the toaster while it was unattended, after she knew that it would stick and could cause a fire, is comparative fault that precludes Union Mutual's claims.  In other words, Hamilton Beach argues that Mrs. Brown's continued use of the toaster while it was unattended was more the cause of the fire than any defect in the toaster.  Hamilton Beach points out that if Mrs. Brown had returned, repaired, or replaced the toaster or if she had watched it during the toasting cycle, the fire would not have happened.  Hamilton Beach further argues that the warnings provided with the toaster about the risks of fire and the risks associated with operating the toaster unattended preclude any causation or fault on its part.

Although Hamilton Beach's arguments are far from overwhelming, the court has no alternative argument to consider.  Given the undisputed facts, it appears that Mrs. Brown used the toaster despite knowing of the fire hazard and that the toaster then caused the fire.  In these circumstances, no trialworthy issue has been presented as to whether Mrs. Brown was more than

fifty percent at fault or her conduct was more than fifty percent the cause of the fire.  Therefore, Hamilton Beach is entitled to summary judgment based on comparative fault or causation.

Because the motion for summary judgment is resolved on the alternative ground of comparative fault, the court need not consider the motion to exclude the testimony of Union Mutual's expert witnesses.  That part of the motion for summary judgment based on a lack of expert testimony is moot.

## Conclusion

For the foregoing reasons, the defendant's motion for summary judgment (document no. 26) is granted.  The defendant's motion to exclude expert testimony (document no. 27) is terminated.

As all claims have been resolved in the defendant's favor, the clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

December 21, 2006

cc: William N. Clark, Jr., Esquire
Kevin M. Fitzgerald, Esquire
John E. Friberg, Jr., Esquire
Steven J. Kelly, Esquire
Robert T. Mittelholzer, Esquire
Timothy L. Mullin, Jr., Esquire
John R. Slattery, Esquire